FILED

2005 FEB 10 P 12: 30

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

APPLERA CORPORATION

        Plaintiff,

v.

BIO-RAD LABORATORIES, INC.

   and

MJ RESEARCH, INC.

   and

STRATAGENE CORPORATION

        Defendants.

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

CIVIL FILE NO. 3:04-CV-01881-RNC

     Plaintiff Applera Corporation ("Applera"), for its Complaint against Bio-Rad Laboratories, Inc. ("Bio-Rad"), MJ Research Inc. ("MJ Research") and Stratagene Corporation ("Stratagene"), states and alleges as follows:

**PARTIES**

     1.    Applera is a Delaware corporation that has a principal place of business in Norwalk, Connecticut. Applied Biosystems is a business unit of Applera. Applied

Biosystems develops innovative products and services for life science research, pharmaceutical research and development, and agriculture. It is a recognized leader in developing instrumentation for DNA analysis, gene expression analysis, genotyping, and proteomics, among other things. Applied Biosystems pioneered the development of real time PCR (polymerase chain reaction) instrumentation, enabling high-throughput analysis of DNA and RNA. This technology is playing a central role in the molecular biology revolution by enabling highly sensitive detection and/or quantification of specific genomic sequences for a variety of purposes, including academic research, forensics, drug discovery, and clinical diagnostics (e.g., to detect early-stage HIV).

2.   Bio-Rad Laboratories, Inc. is a Delaware corporation that has a principal place of business in Hercules, California. Bio-Rad is, on information and belief, the ultimate parent of MJ Research.

3.   MJ Research is, on information and belief, a Massachusetts corporation that has a principal place of business in Reno, Nevada.

4.   Stratagene is, on information and belief, a Delaware corporation that has a principal place of business in La Jolla, California.

5.   Bio-Rad, MJ Research and Stratagene provide tools to the clinical diagnostics and life science research markets.

## JURISDICTION AND VENUE

6.  This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.  This is also an action for a Declaratory Judgment regarding anticipated patent infringement under the Patent Laws of the United States and the Declaratory Judgment Act, 28 U.S.C. § 2201.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

7.  This Court, on information and belief, has personal jurisdiction over all defendants.  All defendants, on information and belief, have sold infringing equipment into this district, and continue to service and support such equipment in this district.

8.  This Court has personal jurisdiction over Bio-Rad at least for the additional reasons that Bio-Rad has appointed an agent for service of process in this district, and that Bio-Rad offers infringing products for sale to purchasers in Connecticut on its Internet web site.

9.  This Court has personal jurisdiction over MJ Research at least for the additional reasons that MJ Research has purposefully availed itself of this forum by asserting claims against plaintiff in this Court, and MJ Research's web site, accessible to customers in Connecticut, contains product descriptions and photographs that are intended to create commercial interest in MJ Research's infringing products.

10. This Court has personal jurisdiction over Stratagene at least for the additional reason that Stratagene offers infringing products for sale to purchasers in Connecticut on its Internet web site.

11. Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(b).

## THE '934 PATENT

12. Applera owns all right, title and interest in United States Patent No. 6,814,934 ("the '934 Patent"), which duly issued on November 9, 2004, and is valid and in full force and effect.

13. The '934 Patent is directed to an instrument that is capable of performing real time PCR.

## INFRINGING CONDUCT OF MJ RESEARCH AND BIO-RAD

14. MJ Research has been making, using, selling, and offering to sell infringing instruments for real time PCR detection, including the DNA Engine Opticon Fluorescence Detection System (consisting of a DNA Engine thermal cycler and an Opticon detector), the DNA Engine Opticon 2 Fluorescence Detection System (consisting of a DNA Engine thermal cycler and an Opticon 2 detector), and the Chromo 4 Fluorescence Detection System (consisting of a DNA Engine thermal cycler and a Chromo 4 detector) in the U.S. and in foreign countries. These systems are referred to in

this Complaint as the "Opticon," the "Opticon 2," and the "Chromo 4" instruments. The detectors of the Opticon, Opticon 2 and Chromo 4 instruments are referred to in this Complaint as the Opticon, Opticon 2 and Chromo 4 detectors. Collectively, these instruments and detectors are referred to as the "infringing MJ instruments."

15. The Opticon, Opticon 2 and Chromo 4 detectors are especially designed for use with the DNA Engine thermal cycler. They integrate with the DNA Engine thermal cycler, enabling the user to perform real time PCR. The Opticon, Opticon 2 and Chromo 4 detectors are not staple articles or commodities of commerce suitable for substantial noninfringing use. MJ Research, through at least advertising and instructions for use, actively induces its customers to combine the DNA Engine thermal cycler with the Opticon, Opticon 2 or Chromo 4 detectors. In some cases, MJ Research induces its customers to purchase a complete Opticon, Opticon 2 or Chromo 4 instrument; in other cases, it induces its customers to upgrade their existing DNA Engine thermal cycler by purchasing an Opticon, Opticon 2 or Chromo 4 detector. MJ Research also provides a service package to connect the Opticon, Opticon 2, and Chromo 4 detectors to DNA Engine thermal cyclers at the customers' places of business.

16. MJ Research also sells reaction mixtures specifically designed for performing real time PCR with the infringing MJ instruments. These mixtures include

the DyNAmo Hot Start SYBR Green qPCR kit, for example. MJ Research, by selling reaction mixtures designed for performing real time PCR with the infringing MJ instruments, induces its customers to use the infringing MJ instruments.

17. Prior to this litigation, MJ Research was aware of the prosecution of the U.S. patent application resulting in issuance of the '934 Patent, and was aware that this U.S. patent application related to devices for performing real time PCR.

18. On information and belief, MJ Research has, or should have, a reasonable apprehension of suit in the U.S. for infringing the '934 Patent by manufacturing, using, selling, and offering to sell the Opticon, Opticon 2 and Chromo 4 instruments, the Opticon, Opticon 2 and Chromo 4 detectors, and reaction mixtures for practicing real time PCR with the infringing MJ instruments.

19. On information and belief, notwithstanding their knowledge of the patent application that resulted in the issuance of the '934 Patent, MJ Research has refused to refrain from activities directed toward making, using, selling, or offering to sell, the Opticon, Opticon 2 and Chromo 4 instruments, the Opticon, Opticon 2 and Chromo 4 detectors, and reaction mixtures specifically designed for performing real time PCR with such instruments.

20. An actual controversy exists between Applera and MJ Research over whether the Opticon, Opticon 2 and Chromo 4 instruments, the Opticon, Opticon 2 and Chromo 4 detectors, and reaction mixtures specifically designed for performing real time PCR with the infringing MJ instruments, infringe the '934 Patent either directly, by inducement, or by contribution.

21. Bio-Rad has been making, using, selling, and offering to sell instruments for real time PCR detection, including the iCycler iQ instrument and the MyiQ instrument (collectively the "infringing Bio-Rad instruments") in the U.S. and in foreign countries.

22. The iCycler iQ instrument consists of a Bio-Rad iCycler thermal cycler and a Bio-Rad iCycler iQ Real-Time PCR Detection System (the "iCycler iQ detection system"). The iCycler iQ detection system is especially designed for use with the iCycler thermal cycler. It integrates with the iCycler thermal cycler, enabling the user to perform real time PCR. The iCycler iQ detection system is not a staple article or commodity of commerce suitable for substantial noninfringing use. Bio-Rad, through at least advertising and instructions for use, actively induces its customers to combine the iCycler thermal cycler with the iCycler iQ detection system. In some cases, Bio-Rad induces its customers to purchase a complete iCycler iQ instrument; in other cases, it induces its

-7-

customers to upgrade their existing iCycler thermal cycler by purchasing the iCycler iQ detection system. Bio-Rad also provides a service package to connect the iCycler iQ detection system to an iCycler thermal cycler at the customers' places of business.

23. The MyiQ instrument consists of a Bio-Rad iCycler thermal cycler and a Bio-Rad MyiQ Single-Color Real-Time PCR Detection System (the "MyiQ detection system"). The MyiQ detection system is especially designed for use with the iCycler thermal cycler. It integrates with the iCycler thermal cycler, enabling the user to perform real time PCR. The MyiQ detection system is not a staple article or commodity of commerce suitable for substantial noninfringing use. Bio-Rad, through at least advertising and instructions for use, actively induces its customers to combine the iCycler thermal cycler with the MyiQ detection system. In some cases, Bio-Rad induces its customers to purchase a complete MyiQ instrument; in other cases, it induces its customers to upgrade their existing iCycler thermal cycler by purchasing the MyiQ detection system. Bio-Rad also provides a service package to connect the MyiQ detection system to an iCycler thermal cycler at the customers' places of business.

24. Bio-Rad also sells reaction mixtures specifically designed for performing real time PCR with the infringing Bio-Rad instruments. These mixtures include the iQ Supermix and the iQ SYBR Green Supermix, for example. Bio-Rad, by selling reaction

-8-

mixtures designed for performing real time PCR with the infringing Bio-Rad instruments, induces its customers to use the infringing Bio-Rad instruments.

25. Applera previously sued Bio-Rad for infringement of foreign counterparts to the '934 Patent in Germany and Japan. Preliminary injunctions were granted against Bio-Rad's iCycler instruments in Japan in April 2003, and in Germany in May 2004.

26. Prior to this litigation, Bio-Rad was aware of the prosecution of a U.S. patent application corresponding to the Japanese and German Patents asserted against it by Applera. The U.S. patent application was brought to Bio-Rad's attention at least as early as 2003.

27. On information and belief, Bio-Rad has, or should have, a reasonable apprehension of suit in the U.S. for infringing the '934 Patent by manufacturing, using, selling, and offering to sell the iCycler iQ instrument, the MyiQ instrument, the iCycler iQ detection system, the MyiQ detection system, and reaction mixtures for practicing real time PCR with the infringing Bio-Rad instruments.

28. On information and belief, notwithstanding the pending and prior litigation between Applera and Bio-Rad over the iCycler iQ instrument, as well as the warnings by Applera about its pending U.S. patent application directed to an instrument capable of performing real time PCR, Bio-Rad has refused to refrain from activities in the U.S.

-9-

directed toward making, using, selling, or offering to sell the iCycler iQ instrument, the MyiQ instrument, the iCycler iQ detection system, the MyiQ detection system, or reaction mixtures for performing real time PCR with such systems.

29. On information and belief, earlier this year Bio-Rad acquired MJ Geneworks and its subsidiaries, including MJ Research, for approximately $32 million in cash, as well as all liabilities incurred by MJ Research in the pending patent case noted in Paragraph 9, above, in which MJ Research had already been found liable to Applera for willful infringement, with damages of almost $20 million, subject to further enhancement for willfulness. Subsequently, Bio-Rad announced through advertisements and other means that it had "teamed up" with MJ Research and "united" their resources, such that "the complete suite of MJ Research and Bio-Rad products" would continue to be offered.

30. An actual controversy exists between Applera and Bio-Rad over whether Bio-Rad's iCycler iQ instrument, MyiQ instrument, iCycler iQ detection system, MyiQ detection system, and reaction mixtures specifically designed for performing real time PCR with the infringing Bio-Rad instruments, infringe the '934 Patent either directly, by inducement, or by contribution.

## INFRINGING CONDUCT OF STRATAGENE

31. Stratagene has been using, offering and selling instruments for real time PCR detection including the Mx4000 and Mx3000P instruments (collectively the "infringing Stratagene instruments") in the U.S. and in foreign countries. On information and belief, the infringing Stratagene instruments are manufactured in the U.S. and are used both within and outside the U.S.

32. Stratagene also sells reagents specifically designed and optimized for use with the infringing Mx4000 and Mx3000P instruments. Such reagents include Brilliant Probe-based Real-Time Reagents, for example. Stratagene, by selling reagents designed and optimized for use with the infringing instruments, actively induces its customers to use the infringing instruments.

33. Prior to this litigation, Stratagene was aware of the prosecution of the U.S. patent application resulting in issuance of the '934 Patent, and was aware that this U.S. patent application related to devices for performing real time PCR. Stratagene was informed of the pending U.S. patent application that resulted in the issuance of the '934 Patent both in writing and during the course of discussions with Applera.

34. On information and belief, Stratagene has, or should have, a reasonable apprehension of suit in the U.S. for infringing the '934 Patent by manufacturing, using,

-11-

selling, and offering to sell the Mx4000 and Mx3000P instruments for performing real time PCR.

35. On information and belief, notwithstanding its knowledge of the patent application that resulted in the issuance of the '934 Patent, Stratagene has refused to refrain from activities directed toward making, using, selling, or offering to sell the Mx4000 or Mx3000P instruments for performing real time PCR, or reagents for performing real time PCR with such instruments.

36. An actual controversy exists between Applera and Stratagene over whether the Mx4000 and Mx3000P instruments infringe the '934 Patent, either directly or by inducement.

## COUNT I

### (Patent Infringement)

37. Plaintiff realleges Paragraphs 1 through 36.

38. Bio-Rad, MJ Research and Stratagene have, on information and belief, violated 35 U.S.C. §271 by infringing the '934 Patent.

39. Bio-Rad, MJ Research, and Stratagene have, on information and belief, infringed willfully by continuing their infringing conduct despite notice of the issuance of the '934 patent. In addition to all Defendants' continued activities mentioned above, on

information and belief, Stratagene introduced in December 2004 a new infringing real time PCR instrument, the Mx3005P Real-Time QPCR system, despite notice of the issuance of the '934 patent. Pursuant to 35 U.S.C. § 284 and 35 U.S.C. § 285 and in light of this willful infringement, Applera is entitled to an award of treble damages and attorneys fees against all Defendants.

40.     As a result of defendants' acts of infringement, Applera is entitled to damages and a permanent injunction against further infringement.

## COUNT II

### (Declaratory Judgment of Direct Patent Infringement)

41.     Plaintiff realleges Paragraphs 1 through 39.

42.     Each defendant is engaged in activity directed toward making, selling, offering to sell or using instruments subject to a charge of infringement.

43.     The acts of each defendant indicate a refusal to change the course of its actions in the face of acts by the plaintiff which are sufficient to create a reasonable apprehension that a suit will be forthcoming.

44.     An actual and justiciable controversy exists between Applera and each defendant with respect to whether the defendant's conduct will infringe the '934 Patent.

45. On information and belief, Bio-Rad, MJ Research and Stratagene, unless enjoined, will infringe the '934 Patent.

46. As a result of Bio-Rad's anticipated future infringement, Applera is entitled to (a) a declaration that the Bio-Rad's conduct will infringe the '934 Patent, and (b) a permanent injunction against further direct infringement.

47. As a result of MJ Research's anticipated future infringement, Applera is entitled to (a) a declaration that MJ Research will infringe the '934 Patent, and (b) a permanent injunction against further direct infringement.

48. As a result of Stratagene's anticipated future infringement, Applera is entitled to (a) a declaration that Stratagene will infringe the '934 Patent, and (b) a permanent injunction against further direct infringement.

## COUNT III

### (Declaratory Judgment of Inducement of Patent Infringement)

49. Plaintiff realleges Paragraphs 1 through 47.

50. Each defendant is engaged in activity directed toward making, selling, offering to sell or using instruments subject to a charge of infringement.

51.     The acts of each defendant indicate a refusal to change the course of its actions in the face of acts by the plaintiff which are sufficient to create a reasonable apprehension that a suit will be forthcoming.

52.     An actual and justiciable controversy exists between Applera and each defendant with respect to whether the defendant's conduct will induce infringement of the '934 Patent.

53.     On information and belief, unless enjoined, Bio-Rad, MJ Research and Stratagene will induce infringement of the '934 Patent under 35 U.S.C. § 271.

54.     As a result of Bio-Rad's anticipated future inducement of infringement, Applera is entitled to (a) a declaration that Bio-Rad's activity will constitute infringement by inducement, and (b) a permanent injunction against further infringement by inducement.

55.     As a result of MJ Research's anticipated future inducement of infringement, Applera is entitled to (a) a declaration that the MJ Research's activity will constitute infringement by inducement, and (b) a permanent injunction against further infringement by inducement.

56.     As a result of Stratagene's anticipated future inducement of infringement, Applera is entitled to (a) a declaration that Stratagene's activity will constitute

infringement by inducement, and (b) a permanent injunction against further infringement by inducement.

## COUNT IV

**(Declaratory Judgment of Contributory Patent Infringement)**

57.     Plaintiff realleges Paragraphs 1 through 55.

58.     Each defendant is engaged in activity directed toward making, selling, offering to sell or using instruments subject to a charge of infringement.

59.     The acts of each defendant indicate a refusal to change the course of its actions in the face of acts by the plaintiff which are sufficient to create a reasonable apprehension that a suit will be forthcoming

60.     On information and belief, unless enjoined, Bio-Rad and MJ Research will contributorily infringe the '934 Patent under 35 U.S.C. § 271.

61.     As a result of Bio-Rad's anticipated future contributory infringement, Applera is entitled to (a) a declaration that Bio-Rad's activity will constitute contributory infringement, and (b) a permanent injunction against further contributory infringement.

62.     As a result of MJ Research's anticipated future contributory infringement, Applera is entitled to (a) a declaration that MJ Research's activity will constitute

contributory infringement, and (b) a permanent injunction against further contributory infringement.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for:

A. A judgment that Bio-Rad, MJ Research and Stratagene have infringed Applera's '934 Patent;

B. A declaratory judgment that the actions of Bio-Rad, MJ Research and Stratagene will infringe Applera's '934 Patent;

D. A permanent injunction enjoining Bio-Rad, MJ Research and Stratagene from infringing the '934 Patent and from otherwise violating any provision of 35 U.S.C. § 271 with respect to the '934 Patent;

E. An order that Bio-Rad, MJ Research and Stratagene destroy their inventory of infringing instruments;

F. A judgment awarding Applera compensatory damages in the form of lost profits, but not less than a reasonable royalty, resulting from the infringement of the '934 Patent by Bio-Rad, MJ Research and Stratagene;

G. A judgment awarding Applera treble damages and attorneys fees pursuant to 35 U.S.C. § 284 and 35 U.S.C. § 285;

H.   A judgment awarding Applera pre- and post-judgment interest as provided by law;

I.   A judgment awarding Applera such other and further relief as the Court shall determine to be reasonable and just.

## JURY DEMAND

Pursuant to Rule 38(b), Fed. R. Civ. P., Plaintiff requests a trial by jury.

Dated:  January 13, 2005                         APPLERA CORPORATION

                                                 By _____
                                                 James T. Shearin – ct 01326
                                                 Pullman & Comley, LLC
                                                 850 Main Street, P.O. Box 7006
                                                 Bridgeport, CT 06601-7006
                                                 Tel: (203) 330-0200/Fax:(203)576-8888

Of Counsel:
Matthew D. Powers
Steven C. Carlson
Paul Ehrlich
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000/Fax: (650) 802-3100

Nicholas Groombridge
David Greenbaum
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000/Fax: (650) 310-8007
Attorneys for Plaintiff

**CERTIFICATE OF FILING AND SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that a copy of the above was mailed on this date to all counsel and pro se parties of record:

Joseph L. Clasen, Esq.
William J. Kelleher, III., Esq.
Brian E. Moran, Esq.
Robinson & Cole, LLP
695 East Main Street
Stamford, CT 06901
*Counsel for Bio-Rad Laboratories, Inc. and*
*MJ Research, Inc.*

Irving H. Perlmutter, Esq.
Ullman, Perlmutter & Sklaver
47 Trumbull Street
New Haven, CT 06510
*Counsel for Stratagene Corporation*


Scott A.M. Chambers, Ph.D
Kevin, Bell, Esq.,
Michael E. Anderson, Esq.
Patton Boggs, LLP
8484 Westpark Drive
McLean, VA 22102
*Counsel for Stratagene Corporation*

James T. Shearin

BPRT/69849.2/JTS/544553v1